# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DYNAMIC APPLET TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MATTRESS FIRM, INC. and SLEEPY'S, LLC, <br><br> Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. 4:17-CV-860-ALM-KPJ (LEAD) |
| DYNAMIC APPLET TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PETSMART, INC., <br><br> Defendant. | § § § § § § § § § § § § | CIVIL ACTION NO. 4:17-CV-861-ALM-KPJ |
| DYNAMIC APPLET TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> URBAN OUTFITTERS, INC,, <br><br> Defendant. | § § § § § § § § § § § § | CIVIL ACTION NO. 4:17-CV-862-ALM-KPJ |
| DYNAMIC APPLET TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HOLLISTER CO., <br><br> Defendant. | § § § § § § § § § § § | CIVIL ACTION NO. 4:17-CV-878-ALM-KPJ |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 29, 2018, the report of the Magistrate Judge (the "Report") (Dkt. #53) was entered, containing proposed findings of fact and recommendations that the following motions be denied:

1) Defendants Mattress Firm, Inc. and Sleepy's, LLC's (collectively, "Mattress Firm Defendants") Rule 12(b)(6) Motion to Dismiss (Case No. 4:17cv860, Dkt. #15);

2) Defendant PetSmart, Inc.'s ("PetSmart") Motion to Dismiss for Failure to State a Claim (Case No. 4:17-cv-861, Dkt. #9);

3) Defendant Urban Outfitters, Inc.'s ("Urban Outfitters") Motion to Dismiss (Case No. 4:17-cv-862, Dkt. #13); and

4) Defendant Hollister Co.'s ("Hollister") Motion to Dismiss (Case No. 4:17-cv-878, Dkt. # 11).

These cases were consolidated on June 7, 2018, with Case No. 4:17cv860, designated as the lead case. Hereinafter, all defendants shall be referred to collectively as "Defendants," and the above-referenced motions will be referred to collectively as the "Motions." Defendants filed objections to the Report (the "Objections") (Dkt. #55). The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

**I.  DISCUSSION**

The Motions argue that Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted because all of the asserted claims are directed to the abstract idea of bundling and sending information responsive to a request. *See, e.g.*, Dkt. 15 at 16. The Supreme

Court has set forth a two-part test for patent eligibility. *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S.Ct. 2347, 2354 (2014). Defendants argue the claims fail both prongs of the *Alice* test. *See* Dkt. 15. Defendants' Objections are essentially the same arguments presented in their briefing on the Motions, arguments which were extensively addressed in the Magistrate Judge's Report. The Objections chiefly challenge the Magistrate Judge's findings and conclusions regarding the technical advantages and specific improvements over prior technology recited in the claims of the patent-in-suit. However, Defendants fail to point out how there was any error in the Magistrate Judge's analysis; they merely disagree with her conclusion, which is insufficient to sustain the asserted Objections.

Defendants also argue that even "if the Court were to adopt [Plaintiff's] proposed constructions for all of the disputed claim terms, Rule 12(b)(6) dismissal would still be appropriate as there is no plausible reading of the '111 patent that would enable [Plaintiff] to satisfy the threshold inquiry under § 101." Dkt. #55 at 4. The Court disagrees. Defendants have failed to adequately demonstrate the absence of fact and claim construction issues such that the only plausible reading is that of patent-ineligibility. Without a determination of how the Court should construe the claims in this case, the issue of whether there is a transformative element of the claims is premature. *See Alice*, 134 S. Ct. at 2354. As the Magistrate Judge noted, "[i]n order for the Court to determine whether the patents contain an inventive concept, it is necessary for there to be a settled interpretation of the claim language." Dkt. #53 at 13.

Further, the Court finds no error in the Magistrate Judge's conclusion that "a careful reading of the claims themselves—does not clearly reveal that the patents are abstract . . . , [ ] which further prevents the Court from summarily finding the claims to be abstract prior to claim construction." *Id.* (citing *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014)).

Because the Court finds that the Magistrate Judge correctly analyzed the issue of patentability based on her careful review of the briefing and the evidence, as well as oral argument, Defendants' Objections are **OVERRULED**.

## II.     CONCLUSION

Based on the foregoing, the Mattress Firm Defendants' Rule 12(b)(6) Motion to Dismiss (Case No. 4:17cv860, Dkt. #15) is **DENIED**; Defendant PetSmart's Motion to Dismiss for Failure to State a Claim (Case No. 4:17-cv-861, Dkt. #9) is **DENIED**; Defendant Urban Outfitters' Motion to Dismiss (Case No. 4:17-cv-862, Dkt. #13) is **DENIED**; and Defendant Hollister's Motion to Dismiss (Case No. 4:17-cv-878, Dkt. #11) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 18th day of September, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE