# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| DYNAMIC APPLET TECHNOLOGIES, LLC, | § § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:17-CV-860-ALM-KPJ (LEAD) |
| v. | § § | |
| MATTRESS FIRM, INC. and SLEEPY'S, LLC, | § § § | |
| Defendants. | § § | |
| DYNAMIC APPLET TECHNOLOGIES, LLC, | § § § § | |
| Plaintiff, | § § § | CIVIL ACTION NO. 4:17-CV-861-ALM-KPJ |
| v. | § § § | |
| PETSMART, INC., | § § § | |
| Defendant. | § § | |
| DYNAMIC APPLET TECHNOLOGIES, LLC, | § § § § | |
| Plaintiff, | § § § | CIVIL ACTION NO. 4:17-CV-862-ALM-KPJ |
| v. | § § § | |
| URBAN OUTFITTERS, INC,, | § § § | |
| Defendant. | § § | |
| DYNAMIC APPLET TECHNOLOGIES, LLC, | § § § § | CIVIL ACTION NO. 4:17-CV-878-ALM-KPJ |
| Plaintiff, | § § § | |
| v. | § § § | |
| HOLLISTER CO., | § § § | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (the "Motion for Sanctions") (Dkt. 90, Sealed) filed on January 25, 2019,[1] to which Plaintiff Dynamic Applet Technologies, LLC ("Plaintiff") filed a response (Dkt. 96, Sealed), Defendants filed a reply (Dkt. 102), and Plaintiff filed a sur-reply (Dkt. 107). Among other things, Plaintiff's response (Dkt. 96) argues that Defendants' Motion for Sanctions was not filed in good faith and Plaintiff seeks an award of costs and fees associated with its defense of the motion (the "Responsive Motion for Sanctions"). *Id.* at 19. Also before the Court is Plaintiff's Motion for Leave to Serve Amended Infringement Contentions (the "Motion for Leave") (Dkt. 95, Sealed), to which Defendants filed a response (Dkt. 101, Sealed), Plaintiff filed a reply (Dkt. 108), and Defendant Urban Outfitters, Inc., filed a sur-reply (Dkt. 112).[2] Having reviewed the motions and the relevant filings, the Court finds the Motion for Sanctions (Dkt. 90, Sealed) is **DENIED**, the Responsive Motion for Sanctions (Dkt. 96) is **DENIED**, and the Motion for Leave (Dkt. 95, Sealed) is **GRANTED**.

### I. BACKGROUND

Plaintiff filed this lawsuit on December 15, 2017, alleging infringement of one or more claims of United States Patent No. 6,446,111 ("the '111 Patent"). The '111 Patent, titled "Method and Apparatus for Client-Server Communication Using a Limited Capability Client Over a Low-Speed Communications Link," issued on September 3, 2002, and bears a filing date of June 18, 1999. The Abstract of the '111 Patent states:

> A request is sent from a client (12) to a server (18) over a communications link (16). A web server (20) on the server responds to the request with a dynamically

---

[1] The Court notes that since the filing of the Motion, Plaintiff and Defendants Mattress Firm, Inc., and Sleepy's, LLC (collectively, "Mattress Firm"), Defendant PetSmart, Inc. ("PetSmart"), and Defendant Hollister Co. ("Hollister") have agreed to dismiss all claims between them with prejudice. *See* Dkts. 105, 114, & 115. Thus, Defendant Urban Outfitters, Inc., ("Urban Outfitters") will be the only Defendant remaining after the Court enters dismissal orders as to Defendants Mattress Firm, PetSmart, and Hollister. To maintain consistency with the language of the Motion, however, the Court will continue to refer to movants as "Defendants."

[2] As of the filing of the sur-reply, Defendants PetSmart, Mattress Firm, and Hollister had reached settlement agreements with Plaintiff, and therefore, did not join in the sur-reply.

generated, selected characteristic enabled, transient applet (26) including a plurality of data items (28) therein. The data items are represented in the applet as a plurality of respective non-updateable, pre-loaded elements (36) and a subset of the data items may be represented by respective updateable elements (38). The applet is executed on the client and then substantially discarded when the client no longer requires the data or services of the applet.

Plaintiff alleges that Defendants' websites infringe independent Claim 17 of the '111 Patent and dependent Claims 22, 23, and 26 which depend from Claim 17. *See, e.g.*, Dkt. 1 at ¶¶ 30-54, 58-82.

Pursuant to Local Patent Rule 3-1 and the Court's Scheduling Order (Dkt. 38), Plaintiff served Defendants with infringement contentions on May 21, 2018. *See* Dkt. 30. Thereafter, on June 14, 2018, Defendants served their invalidity contentions. *See* Dkt. 39. The parties subsequently exchanged proposed constructions for their exchanged claim terms pursuant to P.R. 4-2, and on August 13, 2018, the parties filed their Joint Claim Construction and Prehearing Statement with the Court, identifying Plaintiff's and Defendants' proposed constructions. *See* Dkt. 51. Plaintiff filed its opening claim construction brief on September 27, 2018 (Dkt. 58), Defendants filed their responsive claim construction brief on October 19, 2018 (Dkt. 63), and Plaintiff filed a reply claim construction brief on October 18, 2018 (Dkt. 65). The Court held a claim construction hearing on December 18, 2018, to determine the proper construction of the disputed claim terms in the '111 Patent and on December 27, 2018, issued a Claim Construction Memorandum Opinion and Order (the "Claim Construction Order") (Dkt. 79) setting forth the Court's constructions on the disputed claim terms.

The Motion for Sanctions (Dkt. 90) was filed on January 25, 2019, shortly after the Court's Claim Construction Order. Defendants argue they are entitled to an award of attorney's fees and expenses for Plaintiff's "continued pursuit of this frivolous case." Dkt. 90 at 18. Plaintiff's Responsive Motion for Sanctions (Dkt. 96) argues that Plaintiff is entitled to an award of costs for defending against Defendant's Motion for Sanctions. *See id*. Thereafter, on February 8, 2019,

Plaintiff filed the present Motion for Leave, requesting to amend its infringement contentions under P.R. 3-6(b). Pursuant to the Court's Second Amended Scheduling Order (Dkt. 88), fact discovery closed on March 19, 2019, and expert discovery closes on March 27, 2019. The final pretrial conference is set for July 3, 2019, with a trial window between August 5, 2019, and August 30, 2019.

## II. LEGAL STANDARD

### A. INFRINGEMENT CONTENTIONS

"The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun." *American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F.Supp.2d 558, 560 (E.D. Tex. 2005). "Plaintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with great detail their theories of infringement." *Connectel, LLC v. Cisco Systems, Inc.*, 391 F. Supp. 526, 528 (E.D. Tex. 2005). "[W]hen parties formulate, test, and crystallize their infringement theories before stating their preliminary infringement contentions, as the Patent Rules require, the case takes a clear path, focusing discovery on building precise final infringement or invalidity contentions and narrowing issues for *Markman*, summary judgment, trial, and beyond." *Id.* at 527.

Local Patent Rule 3–1 requires a party to provide infringement contentions setting forth "particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves." *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F.Supp.2d 754, 755 (E.D. Tex. 2004). However, "[i]nfringement contentions are not intended to require a party to set forth a *prima facie* case of infringement and evidence in support thereof." *Realtime Data, LLC v. Packeteer, Inc.*, 2009 WL 2590101, at *5 (E.D. Tex. 2009).

Local Patent Rule 3-6 recognizes that throughout litigation, the scope of a patent infringement case may alter as a case proceeds to trial, necessitating an amendment to infringement and/or invalidity contentions. P.R. 3-6(a) and P.R. 3(b) distinguish when a party may amend its infringement contentions with or without leave from the Court. P.R. 3-6(a) allows a party to amend its infringement contentions, without leave, within thirty days of the Court's Claim Construction Ruling, if the party "believes in good faith that the Court's Claim Construction Ruling so requires." P.R. 3-6(a). P.R. 3-6(b) requires a party to seek leave of Court to amend, and an amendment can only be made by Court Order upon a showing a good cause. P.R. 3-6(b). Courts evaluate the following four factors to determine whether to allow a party to supplement its infringement contentions: "(1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Motion Games, LLC v. Nintendo Co.*, 2015 WL 1774448, at *2 (E.D. Tex. 2015).

### B. SANCTIONS

Rule 11 provides in relevant part: "By presenting to the court a . . . written motion or other paper, . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law . . . [and] the factual contentions have evidentiary support." FED. R. CIV. P. 11(b) (emphasis added). As explained by the Supreme Court, "Rule 11 is aimed at curbing abuses of the judicial system." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 542 (1991) (internal quotation marks omitted).

In the Fifth Circuit, when determining whether a party has violated Rule 11, "the standard under which an attorney is measured is an objective, not subjective, standard of reasonableness

under the circumstances." *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 581 (5th Cir. 2008). Consequently, while the motivations behind such a filing may well be interesting reading, they are wholly irrelevant. *Id*. at 580. With respect to a reasonable infringement analysis, an attorney need only show that "a good faith, informed comparison of the claims of a patent against the accused subject matter" took place. *Q–Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1302 (Fed. Cir. 2004). "[T]he presence of an infringement analysis plays the key role in determining the reasonableness of the pre-filing inquiry made in a patent infringement case under Rule 11." *Id*.

### III. DISCUSSION

#### A. INFRINGEMENT CONTENTIONS

Plaintiff seeks leave to add Claim 19, which depends on currently asserted Claim 17, and to add additional updated examples of instances of Defendants' alleged infringement. According to Plaintiff, "the significance of the elements contained in dependent Claim 19 and the importance of updating its examples became clear" only after the Court issued its Claim Construction Order. Dkt. 95 at 5. Plaintiff argues there is good cause to amend its preliminary infringement contentions as permitted by P.R. 3.6(b). *See id*. Plaintiff argues good cause is shown because the proposed additions to Plaintiff's infringement contentions "were made known to Defendants at least by January 25, 2019, discovery is ongoing, and Defendants have until March 5 to serve their non-infringement expert report." *Id*. Plaintiff further argues that Defendant's "dilatory conduct" in both failing to submit a substantive reply to Plaintiff's infringement contentions and delaying the production of a witness to testify in response to Plaintiff's Rule 30(b)(6) notice satisfies the good faith standard of P.R. 3-6(b). Dkt. 108 at 2.

Upon review of the relevant pleadings, the Court finds the factors weigh in favor of amendment. First, the proposed amended infringement contentions are important in light of the Court's claim construction of "non-updateable" as "cannot be updated with information acquired

over the communications link after the applet has been generated and transferred to," and the impact of that construction on dependent Claim 19. Dkt. 79 at 27-28 Thus, the first factor weighs in favor of allowing the amended contentions. Because the Court finds that Plaintiff was diligent, this factor weighs in favor of allowing the amended contentions. Plaintiff served its infringement contentions under P.R. 3-1, on May 21, 2018, and its Interrogatory No. 13, with respect to Defendants' noninfringement contentions on August 21, 2018, to which Defendants failed to substantively reply. There is also no prejudice to Defendants (the third factor) as the amended infringement contentions do not substantially alter Plaintiff's infringement theory. Claim 19 is dependent on Claim 17, and focuses on the ability of the applets to handle updateable as well as non-updateable information. With respect to the fourth factor, continuance, Defendants may seek relief on future deadlines from the Court if they believe such relief is appropriate.

### B. SANCTIONS

With respect to Defendants' Motion for Sanctions (Dkt. 90) and Plaintiff's Responsive Motion for Sanctions (Dkt. 96), there is nothing before the Court to indicate that sanctions under Federal Rule of Civil Procedure 11 are justified here. Rule 11 is inappropriate if there is a good faith basis to assert even a single claim of a patent. *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) ("Rule 11 . . . must be interpreted to require the law firm to . . . apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted."). The Court finds that Plaintiff's overall pre-suit inquiry was reasonable and its conduct does not cross the Rule 11 sanctions threshold whereby "no reasonable litigant could believe it would succeed" on the merits. *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1368 (Fed. Cir.2012); *iLor, LLC v. Google, Inc.*, 631 F.3d 1372, 1378 (Fed. Cir. 2011). Applying the same standard to Plaintiff's Responsive Motion for Sanctions (Dkt. 96),

the Court finds that Defendants have likewise not violated Rule 11. The Court is not charged with determining which party's position is correct, but rather, is charged with determining whether a motion crosses the threshold of frivolousness such that no reasonable litigant could believe it would succeed. *See Raylon v. Complus Data*, 700 F.3d at 1368. Accordingly, no sanctions will be awarded to either party at this time. If appropriate, the parties may refile a motion for sanctions after the Court rules on the pending dispositive motions.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that good cause exists to allow Plaintiff to amend its infringement contentions, and accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motions for Leave (Dkt. 95) is **GRANTED**. Plaintiff may amend its infringement contentions as set forth in the Motion for Leave,

**IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions (Dkt. 111) and Plaintiff's Responsive Motion for Sanctions (Dkt. 96) are **DENIED WITHOUT PREJUDUCE** to refiling, if appropriate, after the Court rules on any dispositive motions.

**IT IS SO ORDERED**.

SIGNED this 26th day of March, 2019.

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE